UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH DIXON,

    Plaintiff,                          Case No. 2:13-cv-14340

v.                                      HONORABLE STEPHEN J. MURPHY, III

GRAND TRUNK WESTERN RAILROAD
COMPANY,

    Defendant.

                                      /

**OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL [68]**

Joseph Dixon alleges that he suffered injuries as a result of his employment with Defendant Grand Trunk Western Railroad Company. Trial is set for March 16, 2017 and Grand Trunk now moves for the Court to compel Dixon to: (1) produce an affidavit identifying developments in his medical treatment since the time of his deposition in 2014, (2) produce authorizations for the providers and entities identified in the compelled affidavit, and (3) submit to another deposition in February 2017. *See* Mot. 3, ECF No. 68. Dixon opposes the motion, arguing that the affidavit and authorizations will be provided so compulsion is unnecessary, and that Grand Trunk is not entitled to depose him a second time. Resp., ECF No. 69.

When a party seeks to depose a deponent a second time, the party must seek leave of the court. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii). In determining whether to grant leave, the court must consider whether the discovery sought through the second deposition is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; . . . the party seeking discovery

has had ample opportunity to obtain the information by discovery in the action; or . . . is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

The Court finds that compelling the affidavit and authorizations is warranted, but a second deposition is not. Grand Trunk seeks Dixon's medical information because Dixon's case is "based on the claim that his normal employment duties at GTW caused him to develop bilateral knee osteoarthritis, requiring surgery." Reply 2, ECF No. 70. The Court finds that the medical records Grand Trunk seeks to compel are neither unreasonably cumulative or duplicative, nor could they have been obtained earlier.

But Grand Trunk has failed to show why a second deposition is necessary. Grand Trunk insists that the second deposition would be "limited to any and all treatments received, new conditions, [and] worsened conditions," Mot. 3, ECF No. 68, but the compelled affidavit and disclosures of treatment are sufficient to provide this information. Accordingly, to the extent he has not done so, Dixon shall provide the affidavit and list of providers and entities sought by Grand Trunk. He will not be compelled to sit for another deposition.

A final note: Grand Trunk's exhibits and briefing reveal consistent requests for the information it seeks through this motion. Timelier cooperation between counsel may have obviated the need for the instant motion, or at least simplified the underlying grounds and expedited its resolution. As trial approaches, the Court fully expects both parties to cooperate professionally, with motion practice being a last and unnecessary resort to resolving future conflicts.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion to Compel [68] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff shall provide an affidavit signed under oath by identifying all treaters and medical care providers with whom he has treated, consulted, and received prescriptions, and all entities at which he received any treatment since October 2, 2014 **within 7 days of this Order.**

**IT IS FURTHER ORDERED** that Plaintiff shall execute authorizations for all providers and entities identified in the affidavit **within 7 days of this Order.**

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 31, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 31, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager
