UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH DIXON,

    Plaintiff,                       Case No. 2:13-cv-14340

v.                                    HONORABLE STEPHEN J. MURPHY, III

GRAND TRUNK WESTERN RAILROAD
COMPANY,

    Defendant.
                                            /

**<u>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS [211]</u>**

On September 18, 2017, the Court endeavored to assist the parties in avoiding a potentially unnecessary trial by ordering them to mediate no later than October 13, 2017. ECF 210. The Court had ordered the parties to participate in settlement efforts twice before: once with a private mediator and once with the magistrate judge. Both referrals had occurred in the midst of discovery, however, and the parties jointly moved to remove the case from mediation before it began, in part because Defendant "believe[d] there [was] no scientific support" for Plaintiff's claim. ECF 25, PgID 355. The Court granted the motion and, after the close of discovery, Defendant filed three motions to limit scientific testimony pursuant to Federal Rule of Evidence 702. ECF 41, 42, and 44. The Court largely denied the motions, and also denied Defendant's motion for summary judgment. ECF 65.

The case was scheduled for trial and, at the last minute, the parties filed a joint stipulation to adjourn the trial for several months. ECF 126, 170. Prior to the adjournment, the parties noted in their proposed Joint Final Pretrial Order that "Plaintiff made a demand for settlement on February 13, 2017. Defendant responded that it needs plaintiff to be more realistic. Although settlement negotiations are ongoing, settlement seems unlikely at this

juncture." And at the Final Pretrial Conference, Defendant further affirmed its willingness to work on closing the gap between the parties and reach a resolution, albeit with a preference for using another magistrate judge or the Court itself.[1]

Based on the above record and the facts that (a) Defendant acceded to the long delay thereby, in part, causing it, (b) neither side's evidence got any stronger or fresher during the period of delay, and (c) a neutral observer would quickly recognize that both sides justly anticipate severe risk in taking the matter to trial by jury, the Court ordered mediation during the interim before the new trial date. Moreover, the Court exercised its discretion under the rules to appoint the finest mediator of which it could think to resolve this difficult dispute: the Hon. Gerald E. Rosen (ret.), former chief judge of the Court, a twenty-five year veteran of the federal bench, and a successful mediator of many large federal cases, including the infamous Detroit bankruptcy matter.

The mediation failed. It failed mostly because Defendant says—contrary to its assertions in the Final Pretrial Order and at the Final Pretrial Conference—that it is unwilling to pay Plaintiff any money whatsoever on the grounds that it disagrees with the claim at the heart of Plaintiff's case.

---

[1] This point in turn reveals further evidence of Defendant's intransigence and defensiveness. In footnote three of its brief, Defendant blames the Court for the failed mediation, because it did not "consult" with the parties before ordering them to meet with the mediator. Perhaps a question at a pretrial conference by a judge to a lawyer on the issue of whether the case could be settled and whether mediation would be helpful in settling it—along with the lawyer's representation to the Court that ongoing settlement discussions coupled with the Plaintiff being more realistic could advance resolution of the case—does not amount to consultation. Perhaps a discussion in a pretrial order of the same topics falls short of the definition. But the Court doubts it. The simple fact of the matter is that, by its actions, Defendant intentionally and quite obviously ran up Plaintiff's pretrial costs in an effort to punish him for bringing the suit—much as it has tried to strike back at the Court for ordering a mediation that it did not welcome.

In the month between the mediation order and the mediation deadline, Defendant never objected to the order—neither through motion, request, notice, nor phone call. Rather, Defendant did and said nothing. Defendant insists that it remained silent because the Court had ordered that "no further motion practice, including any other motions in limine, shall be permitted." ECF 170.

The Court prohibited motion practice because the parties filed more than four dozen motions just four days after the Court explicitly cautioned the parties against filing excessive motions in limine and told them that it would deny almost all the motions if filed. Even so, the Order did not preclude either party from notifying the Court in some other way that the mediation was doomed from the start. By doing nothing, Defendant wasted the time of the Court, Plaintiff, the attorneys involved in the case, and Judge Rosen, the mediator. Given the hefty fees charged to Plaintiff by the mediator, the refusal to negotiate during the mediation, the agreement to a long delay in the trial, and the excessive and overwrought practice of filing dozens of largely unmeritorious motions in limine, it is obvious that Defendant is rather transparently trying to run up Plaintiff's costs in the case pretrial, with an eye toward "bringing the plaintiff to his knees" financially and perhaps dissuading him from putting as many resources as are necessary into the trial to prove his case. Such scorched-earth strategies are deplorable and smack of litigation strong-pulling designed to skew the result in the case with the expenditure of the Defendant's vast storehouse of resources at the expense of a just result in the case. And the Court decries the tactics.

The Court will therefore grant Plaintiff's present motion and will consider further sanctioning Defendant for filing frivolous motions in limine.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion for sanctions [211] is **GRANTED**. Defendant shall pay for the entire cost of the mediation with Judge Rosen, Plaintiff's attorneys' fees incurred in preparing for and attending the mediation, and the travel expenses and mileage incurred by Plaintiff and his wife to attend the mediation. The Court will resolve Defendant's motions in limine in due course with an eye toward whether any of them meet the high bar of frivolity.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 31, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 31, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager