UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH DIXON,

       Plaintiff,                 Case No. 2:13-cv-14340

v.                             HONORABLE STEPHEN J. MURPHY, III

GRAND TRUNK WESTERN
RAILROAD COMPANY,

       Defendant.

_____/

## OPINION AND ORDER DENYING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [237]

Defendant filed a "Memorandum of Law Relative to Plaintiff's Failure to Amend Bankruptcy Petition" and subsequently filed a motion adopting the arguments laid out in the memorandum. ECF 79, 237. Simply put, Defendant moves for summary judgment on the grounds of judicial estoppel. Specifically, Defendant contends that Plaintiff's failure to disclose the instant suit to the bankruptcy court judicially estops him from pursuing his claim against Defendant.

"The doctrine of judicial estoppel 'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.'" *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 476 (6th Cir. 2010) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)). The purpose of the doctrine is to "preserve the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship" but "should be applied with caution to avoid impinging on the truth-seeking function of the court, because the doctrine precludes a contradictory position without examining the truth of

either statement." *Id.* (internal citations and quotation marks omitted). For that reason, courts have typically held that "judicial estoppel is inappropriate in cases of conduct amounting to nothing more than mistake or inadvertence." *Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2002). In determining whether an omission was inadvertent, courts consider whether the debtor had a motive to conceal a potential claim and whether there is evidence that the debtor attempted to conceal a potential claim. *White*, 617 F.3d at 478.

Here, Plaintiff and his wife filed for bankruptcy on October 31, 2008. ECF 79, PgID 2578. He filed the instant suit five years later, on October 14, 2013. ECF 1. Defendant asserts that around March 2, 2017, it discovered that Plaintiff never amended his bankruptcy petition to include the instant suit and promptly filed a memorandum of law concerning the failure to amend and resultant estoppel. ECF 79, PgID 2579. Evidently, Plaintiff's bankruptcy attorney—who is different from his counsel in this case—then filed a motion to reopen the bankruptcy and amend Plaintiff's asset schedules. ECF 172-5. The bankruptcy court granted the motion and Plaintiff filed amended schedules. ECF 172-6; 172-3, PgID 4023.

Plaintiff would have had an incentive to conceal the potential claim. Because his creditors were not paid in full, $60,472.41 of any damages he might receive in the present case would go to those creditors. *See* ECF 172-2, PgID 4019. But apart from the timing of the motion to amend—he did so only after the memorandum was filed—Defendant has presented no evidence that Plaintiff intended to conceal the potential claim. In the records before the Court, the only other time the topic was broached was through a brief question in Plaintiff's deposition on July 23, 2014. ECF 44-1, PgID 916.

Defendant's counsel had discovered the bankruptcy docket through name search but never brought up the absence of the potential claim until three years later. *Id.*

On the evidence before the Court, there seems little need for the Court to exercise its discretion to judicially estop the Plaintiff from pursuing the instant case. Plaintiff's omission suggests inadvertence, but at the very least, does not affirmatively show an attempt to conceal. The Court will therefore deny Defendant's motion.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion for Summary Judgment on the Basis of Estoppel [237] is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 12, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 12, 2018, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager